IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EARL WARNER,

        Plaintiff,

 vs.

MATTHEW L. CATE, et al.,

        Defendants.

No. C 12-06163 YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate written Order.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

1  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels
2  and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
3  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
4  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer
5  "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States
6  Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal
7  conclusions can provide the complaint's framework, they must be supported by factual allegations.
8  When there are well-pleaded factual allegations, a court should assume their veracity and then
9  determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S.
10  662, 679 (2009).

11        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
12  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the
13  alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487
14  U.S. 42, 48 (1988).

15        A supervisor may be liable under § 1983 upon a showing of personal involvement in the
16  constitutional deprivation or a sufficient causal connection between the supervisor's wrongful
17  conduct and the constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th
18  Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for
19  constitutional violations of his subordinates if the supervisor participated in or directed the
20  violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d
21  1040, 1045 (9th Cir. 1989).  This includes evidence that a supervisor implemented "a policy so
22  deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the
23  constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th
24  Cir. 2001).

25  **II.  Exhaustion**

26        A question which must be answered before Plaintiff can proceed with his claims is whether
27  he has exhausted available administrative remedies with respect to each claim.

28

1      The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)
2  ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to
3  prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any
4  jail, prison, or other correctional facility until such administrative remedies as are available are
5  exhausted."  42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the
6  prisoner exhausted his available administrative remedies *before* he filed suit, even if the prisoner
7  fully exhausts while the suit is pending.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.
8  2002).   "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether
9  they involve general circumstances or particular episodes, and whether they allege excessive force
10 or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all "available"
11 remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain,
12 speedy and effective."  *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001).  Even
13 when the prisoner seeks relief not available in grievance proceedings, notably money damages,
14 exhaustion is a prerequisite to suit.  *Id.* at 741.  The purposes of the exhaustion requirement include
15 allowing the prison to take responsive action, filtering out frivolous cases and creating an
16 administrative record.  *See Porter*, 534 U.S. at 525.

17      A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no
18 exception to exhaustion applies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540
19 U.S. 810 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the
20 record that the prisoner has conceded that he did not exhaust administrative remedies.  *Id.*

21      The State of California provides its inmates and parolees the right to appeal administratively
22 "any departmental decision, action, condition or policy perceived by those individuals as adversely
23 affecting their welfare."  *See* Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the
24 right to file administrative appeals alleging misconduct by correctional officers.  *See id.* § 3084.1(e).
25 In order to exhaust available administrative remedies within this system, a prisoner must proceed
26 through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602
27 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level
28 appeal to the Director of the California Department of Corrections and Rehabilitation.  *See id.*

1  § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the

2  administrative remedies exhaustion requirement under § 1997e(a). *See id.* at 1237-38.

3  Here, the record is unclear whether Plaintiff exhausted his claims to the Director's level

4  before filing his federal complaint. Plaintiff did not use the Court's civil rights complaint form;

5  therefore, he lacks information relating to exhaustion of his administrative remedies. Plaintiff

6  contends that he had "utilized" the prison's appeals process "at each requisit[e] ava[ila]ble level of

7  review"; however, he claims that it was an "exercise in futility." (Compl. at 39.) Plaintiff's

8  allegations are conclusory because he does not support them with additional information relating to

9  these appeals, i.e., the dates they were submitted or the specific claims that he attempted to exhaust.

10 It thus appears Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C.

11 § 1997e(a).

12 Accordingly, it appears that Plaintiff's claims are unexhausted and subject to dismissal.

13 Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to prove that he

14 exhausted all of his claims against each Defendant *before* he filed this action. If Plaintiff did

15 exhaust his administrative remedies with respect to any or all of those claims before filing this

16 action, he may amend his complaint to so allege, as set forth below.

17 **III.    Federal Rule of Civil Procedure 20**

18 As explained above, Plaintiff complaint was not submitted on the Court's civil rights

19 complaint form. Instead, it is a type-written complaint that is forty-three pages long. It contains

20 multiple legal claims and names fifteen Defendants. The complaint is broad, and appears to touch

21 upon multiple acts by Defendants that Plaintiff found objectionable between April 2010 through

22 January 2011.

23 The complaint alleges several claims that are not properly joined under Federal Rule of Civil

24 Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons

25 "may be joined in one action as defendants if there is asserted against them jointly, severally, or in

26 the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or

27 series of transactions or occurrences and if any question of law or fact common to all defendants will

28 arise in the action." As described above, Plaintiff's claims cover a broad array of different incidents

by different individuals over the course of approximately nine months.  In his Amended Complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Plaintiff may not include in a single complaint everything that has happened to him over a nine-month period that he finds objectionable.  He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

**IV.    Defendants**

Plaintiff must allege facts sufficient to show that the remaining named Defendants' actions rise to the level of constitutional violations.  As mentioned above, he is attempting to hold fifteen named Defendants liable for the claims in his complaint; therefore, he must allege facts showing what each defendant did that violated his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights).  In addition, if Plaintiff claims that any of the named Defendants are liable as supervisors, he must allege that these Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.  In his Amended Complaint, Plaintiff must link all of the named Defendants to his claims, and no claim for damages can proceed unless Plaintiff does so.

In sum, the Court will allow Plaintiff leave to prepare a proper Amended Complaint that is consistent with federal pleading standards.  Plaintiff is advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated.  Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability.  A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.  There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's

1  actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633
2  F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

3        Plaintiff is reminded that his claims must be set forth in short and plain terms, simply,
4  concisely and directly pursuant to Federal Rule of Civil Procedure 8 or risk dismissal. *See McHenry*
5  *v. Renne*, 84 F.3d 1172, 1177, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that
6  was "argumentative, prolix, replete with redundancy, and largely irrelevant"). To facilitate this, the
7  Court directs Plaintiff to limit his Amended Complaint to **forty (40) pages**. In addition, Plaintiff
8  must use the Court's civil rights complaint form, which will be provided to him. If Plaintiff fails to
9  comply with these straightforward pleading requirements, the Court will dismiss Plaintiff's proposed
10 Amended Complaint. *See id.*

11                                  **CONCLUSION**

12       For the foregoing reasons, the Court orders as follows:

13     1.    Plaintiff's complaint is DISMISSED with leave to amend in order to give him the
14 opportunity to file a **simple, concise and direct** Amended Complaint which:

15         a.    States clearly and simply each claim he seeks to bring in federal court as
16 required under Rule 8, and he should:

17                i.    Set forth **each claim** in a separate numbered paragraph;

18                ii.    Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the
19                deprivation of Plaintiff's constitutional rights; and

20                iii.    Identify the injury resulting **from each claim**;

21         b.    Explains how he has exhausted his administrative remedies **as to each claim**
22 as against **each Defendant** *before* he filed this action;

23         c.    Only alleges those claims that are properly joined under Rule 20(a)
24 (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list
25 everything that has happened to him over a nine-month period in prison that he finds objectionable,
26 the Amended Complaint may only allege claims that:

27                i.    Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and
28

      ii.  Present questions of law or fact common to **all Defendants**;

   d.  **Does not** make conclusory allegations linking each Defendant by listing them as having "direct involvement" to his claims without specifying how each Defendant was linked through their actions;

   e.  **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability; and

  3.  Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above.  Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 12-6163 YGR (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  He may not incorporate material from the original complaint by reference.  If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.  Plaintiff's Amended Complaint shall not exceed **forty (40) pages** in length.  **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

  4.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

(2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

     5.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

     6.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED:  May 1, 2014

                                            Y<small>VONNE</small> G<small>ONZALEZ</small> R<small>OGERS</small>
                                            U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>